MARIE McMAINS, Appellee, v. JOHN A. McMAINS, Appellant.

**DIVORCE:** Attorney Fees—Presumption. Presumptively,. an allowance of attorney fees in divorce proceedings is reasonable.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

NOVEMBER 21, 1922.

THE principal and substantially the only point in controversy on this appeal is as to the amount of attorney's fees allowed to plaintiff's attorney in a divorce case, wherein divorce and alimony were granted her. The defendant contends that the amount allowed was unreasonably large. Appellant seeks to raise the question in different ways,—by appeal from the judgment itself, and by application thereafter to modify the decree. Defendant appeals.—*Affirmed.*

*A. L. Steele,* for appellant.

*Chester J. Eller,* for appellee.

PRESTON, J.—Appellant cites a number of cases to the proposition that the allowance of attorney's fees must be in a reasonable amount. This proposition is not disputed. The evi-

dence introduced on the trial, as to the reasonable value of the attorney's fees, was not preserved, and there were no affidavits, and there was no evidence on behalf of defendant to support the petition to modify. It seems that, somewhere along the line, in the numerous motions or pleadings, plaintiff offered affidavits to sustain the finding of the trial court and the reasonableness of the attorney's fees, and that defendant agreed thereto. The record is such that from it we are unable to determine the question. Considering the amount of alimony, the allowance of attorney's fees seems large; and yet, from the statements in argument, it appears that a large amount of service was rendered. There was a hearing, and evidence was taken as to the value thereof. It was stipulated that defendant was worth about $85,000. In the neighborhood of $12,000 was allowed plaintiff as alimony. On the trial, there was a stipulation entered into between the parties, and made of record, in regard to the property rights of the parties, in case the court should hold on the trial that plaintiff was entitled to a divorce. Among other things, it was stipulated that the trial court might fix attorney's fees. It was further agreed that neither of the parties would appeal from the findings of the trial court as to the divorce, alimony, and attorney's fees, and that the decree should be in the nature of an arbitration, in which all appeals are waived, and in which they agreed in advance to be bound by the order of the court. It was stipulated that, by the agreement, the right of appeal was expressly waived, and the parties agreed not to appeal. The trial of the main divorce action was had on April 20, 1921, and the court directed that the evidence be taken in shorthand. It appears that, at the conclusion of the evidence, counsel for plaintiff, and the then counsel for defendant, in open court agreed that the court should fix plaintiff's attorney's fees at the amount which later was fixed, or at least that the amount fixed should not exceed that amount; and that defendant's attorney stated that he did not care to be present the following day, when the matter was again taken up, and the court required plaintiff's attorney to make a full showing as to the service performed by him. This was done; but the evidence was not taken down in shorthand, nor is it contained in the record on this appeal. Thereupon, the court fixed the amount

as it now stands, and as agreed upon by the attorneys. There is nothing before us from which we could determine whether or not the amount so fixed was reasonable or otherwise. Numerous motions were filed in the district court, and several additional abstracts have been filed by both parties in this court.

A number of other questions are argued; but, after going through the record and sifting it, we think the question we have discussed is, as said, the principal point in the case, and substantially the only point which is properly presented, and upon which a review may be had, or that is material to the main question.

Without going into the voluminous record further, we reach the conclusion that, on the whole record, the case must be affirmed. It is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.